**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ESTATE OF CHARLES A. BROWN,** ) | |
| **deceased, JON BROWN, individually,** ) | |
| **and KIM GREEN, individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIV-15-280-R** |
| ) | |
| **LINEAR, L.L.C. and** ) | |
| **CRITICAL SIGNAL TECHNOLOGIES,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**ORDER**</u>

On August 17, 2015, the Court ordered Plaintiffs herein to respond to the motions for summary judgment filed in the District Court of Grady County by filing two separate responses, to permit the Court to properly consider Defendants' separately filed Motions for Reconsideration which addressed individual motions for summary judgment filed in state court. On September 8, 2015, Plaintiffs filed a Response in Opposition to CST's Motion for Summary Judgment (Doc. No. 66). Defendant CST has filed a reply in support of its motion, and Plaintiff has filed a Motion to Strike (Doc. No. 69), to which Defendants have filed a joint objection (Doc. No. 70).

The Court must first consider its authority to reconsider the motions denied by the District Court of Grady County. 28 U.S.C. § 1450 provides as follows with regard to cases removed from state court:

All injunctions, orders, and other proceedings had in such action prior to

removal shall remain in full force and effect until dissolved or modified by the district court.

28 U.S.C. § 1450. Therefore, consistent with its authority interlocutory orders, the Court may also reconsider the orders entered by the District Court of Grady County.[1]

Pursuant to Fed. R. Civ. P. 56(c), a party has four options to dispute a fact in response to a motion for summary judgment: (1) cite to record evidence contradicting the fact; (2) show that the cited evidence does not establish the presence or absence of a genuine dispute; (3) show that the adverse party cannot produce admissible evidence to support the fact; or (4) object that the fact is not supported by admissible evidence. Facts offered to dispute a defendant's statements of fact must be supported by "particular parts of material in the record." Fed. R. Civ. P. 56(c)(1)(A). Under Local Civil Rule 56.1(b), the movant's brief must contain "a concise statement of material facts" that the movant contends are not genuinely disputed. If any such fact is not "specifically controverted" by the nonmoving party, that fact "may be deemed admitted for the purpose of summary judgment." LCvR 56.1(c).

The Court notes at the outset that Plaintiffs' supplemental response brief makes it difficult to construe :

Defendant's fact no. 1. Anne Grenier did install, but Plaintiffs deny Anne Greier "successfully installed" the Linear equipment in Mr. Brown's home. See

---

[1] As noted by the Supreme Court in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 434 (1974), § 1450 serves two basic purposes, judicial economy by granting state court orders full effect after removal and preventing the lapse of state courts orders upon removal. The statute, however, clearly contemplates modification of state court orders following removal. *Id.* Following removal federal law applies, and therefore, Defendants' contention that Plaintiff's brief in the District Court of Grady County did not comport with Oklahoma procedural law does not provide a basis for this Court to reject the state court decision.

> reference to testimony of Anne Grenier concerning installation at Mr. Brown's, admitted Linear fact nos. 5 and 19, and response to Linear's fact no. 6, in Plaintiff's Response in Opposition to Linear's Motion for Summary Judgment. Anne Grenier cannot recall testing with Mr. Brown. The phone line was never discussed. No literature manuals or literature were provided. "Success" is an issue.

Doc. No. 66, p. 1-2. Plaintiffs' response contains additional shortcomings, such as the response to Defendant's Uncontroverted Facts No. 7 and 8.

> Defendants' fact nos. 7 and 8. Deny Mr. Brown was "unresponsive." Kim Green, Duane Smith, Jon Brown, Shelli Brown, and agreed to medical records. Rule 26 report of Dr. Banowetz, Plaintiffs' Response in Opposition to Linear's Motion for Summary Judgment. See ARGUMENTS

Doc. No. 66, p. 2. A proper record citation, such as to a page of deposition testimony of the identified persons is appropriate, rather than a vague reference to testimony, evidence and arguments.[2] The shortcomings, with which the brief is replete, make it difficult to construe Plaintiffs' arguments. The Court finds, however, that for the same reasons set forth in the Court's Order entered this same date with regard to Defendant Linear, that Defendant CST is entitled to summary judgment.

Defendant CST concedes that Oklahoma law permits suit against an entity in the chain of distribution. CST contends, however, that Plaintiff cannot prove that the PERS unit was defective, unreasonably dangerous or that the warnings thereon were insufficient as a matter of law. "A manufacturer's products liability plaintiff need not exclude all other possible

---

[2] Plaintiff does successfully challenge a single portion of Defendant CST's uncontroverted fact 3, as being without record support. Specifically, the evidence cited by Defendant does not support that "the purpose of collecting this [emergency contact] information was so that, in the event of an emergency, CST could notify 911 to dispatch an ambulance and/or contact family members." CST's Motion for Summary Judgment, p. 5.

conclusions. However, the mere possibility that a defect caused the injury is not sufficient." *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d 187, 191 (Okla.1992). As set forth in more detail in the Order granting Defendant Linear's motion for summary judgment, there is simply no evidence in this case that Mr. Brown attempted to utilize the PERS console unit or the pendant transmitter during the relevant time period. As such, Defendants cannot be held liable.

Defendant CST also contends that Plaintiff's negligence claim fails as a matter of law, because Plaintiffs lack evidence that its failure to respond to a report that the unit was not sending a proper signal for approximately one month, six months prior to January 2013, when Mr. Brown suffered his stroke. Again, Plaintiffs lack evidence to link any breach of a duty by CST to Mr. Brown's death. To the extent Plaintiffs complain CST was negligent because the PERS unit should have been replaced due to alleged failures in May and June of 2012, its motion for summary judgment is granted. The undisputed evidence is that the unit functioned properly on both December 24 and December 28, 2012, mere weeks before Mr. Brown was found in his home, and after January 13, 2013. The mere fact that the unit failed to test properly six months before Mr. Brown's death does not establish negligence, especially in light of the fact that it worked correctly thereafter. More fundamentally, however there is no evidence that Mr. Brown attempted to utilize the PERS unit during his stroke to summon aid. The absence of such evidence leads the Court to conclude that Defendant CST is, like Defendant Linear, entitled to summary judgment on all of Plaintiffs' claims.

Defendant CST's motion for reconsideration is hereby GRANTED. Defendant CST is entitled to summary judgment for the reasons set forth herein and the reasons set forth in the Court's Order entered this same date granting Defendant Linear's motion for summary judgment.

IT IS SO ORDERED this 7th day of March, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE